IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremiah Huffman,<br><br>           Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>           Defendants. | No. CV-05-2763-PHX-SMM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on the Court's review of the file. Plaintiff commenced this action on September 9, 2005. (document # 1) On February 13, 2006, the Court ordered service on Defendants and ordered Plaintiff to file a completed service packet by March 6, 2006. (document # 3) The also Court directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action. (Id.) Additionally, LRCiv 83.3(d) obligates Plaintiff to immediately notify the Court in writing of any change in address.

Thereafter, on February 21, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, released." No alternate address for Plaintiff was found. (document # 7) Plaintiff violated the Court's Order by failing to advise the Court of his new address. In view of Plaintiff's failure to comply with court orders, the Court ordered Plaintiff to show cause on or before March 31, 2006 why this action should not be dismissed without prejudice for failure to comply with Court orders. (document # 8)

1  Thereafter, on March 15, 2006, the Court again received mail addressed to Plaintiff
2  marked "return to sender." (document # 9) To date, Plaintiff has neither responded to the show-
3  cause order nor notified the Court of his current address leaving the Court with no means to
4  contact Plaintiff regarding this matter.  In view of Plaintiff's continued failure to advise the
5  Court of his current address in violation of Court orders, this matter should be dismissed.  See
6  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)(stating that an order imposing sanctions for
7  plaintiff's failure to advise the court of his address was not warranted before dismissing the case
8  because such an order would only take a round trip through the mail.); Arquelles v. Arpaio, No.
9  CV-05-3426-PHX-SMM, 2006 WL 687125 (D.Ariz., March 16, 2006) (adopting Report and
10 Recommendation that § 1983 complaint should be dismissed based on plaintiff's failure to
11 advise the court of his address.).
12  In view of the foregoing,
13  IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
14 for failure to comply with Court orders pursuant to FED.R.CIV.P. 41(b).
15  This recommendation is not an order that is immediately appealable to the Ninth Circuit
16 Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate
17 Procedure, should not be filed until entry of the District Court's judgment.  The parties shall
18 have ten days from the date of service of a copy of this recommendation within which to file
19 specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
20 Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a
21 response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
22 Recommendation may result in the acceptance of the Report and Recommendation by the
23 District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
24 (9th Cir. 2003).
25 / / /
26 / / /
27 / / /
28

1  Failure timely to file objections to any factual determinations of the Magistrate Judge
2 will be considered a waiver of a party's right to appellate review of the findings of fact in an
3 order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72,
4 Federal Rules of Civil Procedure.

5  DATED this 14th day of April, 2006.

_____
Lawrence O. Anderson
United States Magistrate Judge